UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON


CIVIL ACTION NO. 08-36-GWU


RACHEL K. CULTON,                                                    PLAINTIFF,


VS.                          **MEMORANDUM OPINION**


MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                      DEFENDANT.


## INTRODUCTION

Rachel Culton brought this action to obtain judicial review of an unfavorable administrative decision on her application for Disability Insurance Benefits (DIB). The case is before the court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1.  Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2.  Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3.  Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to Step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

08-36  Rachel K. Culton

4.      Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5.  If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5.      Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)?  If yes, the claimant is disabled.  If no, proceed to Step 6.   See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6.      Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work?  If yes, the claimant was not disabled.   If no, proceed to Step 7.   See 20 C.F.R. 404.1520(e), 416.920(e).

7.      Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy?  If yes, the claimant is not disabled.   See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply.   Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence.  Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991).  This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to

support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain. Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms. 20 C.F.R. § 404.1529 (1991). However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the

3

08-36 Rachel K. Culton

alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

4

08-36  Rachel K. Culton

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987).  The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).  However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all.  Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994).  One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category

5

08-36  Rachel K. Culton

if it encompasses a great deal of walking or standing, or when it involves sitting

most of the time with some pushing and pulling of arm or leg controls; by definition,

a person capable of this level of activity must have the ability to do substantially all

these activities.  20 C.F.R. § 404.1567(b).  "Sedentary work" is defined as having

the capacity to lift no more than ten pounds at a time and occasionally lift or carry

small articles and an occasional amount of walking and standing.  20 C.F.R. §

404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly

diminishes his capacity to work, but does not manifest itself as a limitation on

strength, for example, where a claimant suffers from a mental illness . . .

manipulative restrictions . . . or heightened sensitivity to environmental

contaminants . . . rote application of the grid [guidelines] is inappropriate . . ."

Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional

impairment is significant, the Commissioner may still use the rules as a framework

for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e);

however, merely using the term "framework" in the text of the decision is insufficient,

if a fair reading of the record reveals that the agency relied entirely on the grid.  Ibid.

In such cases, the agency may be required to consult a vocational specialist.

Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985).  Even then, substantial

evidence to support the Commissioner's decision may be produced through reliance

on this expert testimony only if the hypothetical question given to the expert

08-36  Rachel K. Culton

accurately portrays the plaintiff's physical and mental impairments.  Varley  v.
Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

**DISCUSSION**

The Administrative Law Judge (ALJ) concluded that Culton, a 46-year-old
former assembly line inspector with a "limited" education, suffered from impairments
related to fibromyalgia, a possible history of multiple transient attacks versus
lacunar strokes, mild degenerative arthritis in the AC joint of the left shoulder,
obesity, borderline intelligence, a possible cognitive disorder, and a depressive
disorder.  (Tr. 19, 31).  Despite the plaintiff's impairments, the ALJ determined that
she retained the residual functional capacity to perform a restricted range of light
level work.  (Tr. 24-25).  Since the claimant would still be able to perform her past
relevant work, she could not be considered totally disabled.  (Tr. 31-32).

After review of the evidence presented, the undersigned concludes that the
administrative decision is not supported by substantial evidence.  However, the
current record also does not mandate an immediate award of DIB.  Therefore, the
court must grant the plaintiff's summary judgment motion, in so far as it seeks a
remand of the action for further consideration, and deny that of the defendant.

In determining that Culton could return to her past relevant work, the ALJ
relied heavily upon the information provided by Vocational Expert Daryl Martin. The
hypothetical question presented to Martin included an exertional limitation to light
level work, restricted from a full range by such non-exertional restrictions as (1) an

7

08-36  Rachel K. Culton

inability to stand or walk for more than six hours in an eight-hour day; (2) an inability

to sit for more than six hours in an eight-hour day; (3) an inability to more than

frequently push/pull with the left upper extremity; (4) an inability to more than

occasionally climb stairs or ramps, balance, stoop, kneel, crouch or crawl; (5) an

inability to ever climb ladders or ropes; (6) an inability to more than occasionally

reach including overhead with the left upper extremity; (7) an inability to more then

frequently reach overhead with the right upper extremity; (8) a need to avoid

exposure to full body vibrations or use vibratory tools; (9) a need to avoid exposure

to all hazards such as unprotected heights and dangerous machinery; (10) a "mild"[1]

limitation of ability in making judgments concerning simple work-related decisions

as well as her ability to respond appropriately to usual work situations and changes

in a routine work setting; (11) a "moderate"[2] limitation of ability to handle complex

instructions; and (12) a "marked"[3] limitation of ability to make judgments on complex

work-related decisions.  In response, Martin testified that such a person could still

perform Culton's past work as an inspector as performed in the national economy.[4]

(Tr. 701-702).  The witness also identified the existence of a number of other jobs

[1]The ALJ defined mild as "a slight limitation in this area."  (Tr. 701).

[2]Moderate was defined as "more than a slight limitation in this area."  (Tr. 702).

[3]Marked was defined as "a serious limitation in this area with a substantial loss in the ability to effectively function."  (Tr. 701).

[4]Martin actually split the job into two areas with the plaintiff able to return to the inspection portion but precluded from the assembly portion of the job.  (Tr. 702).

which could be performed as well.  (Tr. 703).  This testimony would provide strong support for the administrative decision if it fairly depicted the plaintiff's condition.

The hypothetical question did not fairly characterize Culton's physical condition as required by Varley.  The ALJ indicated that he gave the most probative weight to the opinion of Dr. James Owen, an examining consultant. (Tr. 28).  Dr. Owen completed a Medical Source Statement of Ability to do Work-Related Activities Form which the ALJ appeared to track in drafting his hypothetical question.  (Tr. 643-648).  However, Dr. Owen identified several significant restrictions which were not presented to the vocational expert.  While the hypothetical question allowed the individual to stand or walk for up to six hours, the physician restricted this to a total of three hours in intervals of one hour.  (Tr. 644). The hypothetical question limited balancing to occasional performance while Dr. Owen opined that this activity would be entirely precluded. (Tr. 646).  Therefore, Dr. Owen's opinion does not support the administrative decision.

Dr. Thomas Cervoni examined Culton on two occasions for her complaints relating to carpal tunnel syndrome.  (Tr. 507).  Dr. Cervoni opined that the plaintiff would not be able to return to her past work (Tr. 505), an opinion which the ALJ found unsupported (Tr. 30).  The doctor also suggested that the claimant might be able to perform lighter work.  (Tr. 505).  However, since Dr. Cervoni was only concerned with Culton's problems relating to carpal tunnel syndrome, and not her

9

08-36  Rachel K. Culton

many other physical complaints which were considered by Dr. Owen, his opinion is insufficient to support the administrative decision.

Dr. Calixto Hernandez, a non-examining medical reviewer, indicated that Culton would be able to perform medium level work restricted from a full range by an inability to more than occasionally climb ladders, ropes or scaffolds and a need to avoid moderate exposure to fumes, odors, dust, gases and poor ventilation.  (Tr. 228-236).  The hypothetical factors were compatible with this opinion.  An ALJ may rely upon the opinion of a non-examiner over that of an examining source when the non-examiner clearly states the reasons for his differing opinion.  Barker v. Shalala, 40 F.3d 789, 794 (6th Cir. 1994).  In the present action, Dr. Hernandez did not state the reasons why he did not believe that Dr. Owen's opinion was not fully supported by the medical record.  Therefore, the reviewer's opinion is insufficient to support the administrative decision.

Since the hypothetical question did not fairly depict Culton's condition, reliance upon the alternative jobs cited by the vocational expert would not be appropriate.  A question remains whether the plaintiff's past work could be performed despite the more severe physical limitations indicated by Dr. Owen.  The vocational expert did not consider these restrictions and, so, his testimony does not provide guidance.  The claimant indicated on the Work History Report that the past work had required her to stand or walk for six hours a day.  (Tr. 102).  Thus, this job would be precluded by Dr. Owen's findings.  Therefore, a remand of the action for

10

08-36  Rachel K. Culton

further consideration as to whether other jobs would remain available to the claimant is required.

The undersigned concludes that the administrative decision must be reversed and the action remanded to the Commissioner for further consideration. Therefore, the court must grant the plaintiff's summary judgment motion in so far as such relief is achieved and deny that of the defendant.  A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 5th day of November, 2008.

**Signed By:**

_**G. Wix Unthank**_

**United States Senior Judge**